IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**

    vs.                                          Criminal Action 2:20-cr-017(5)
                                                    JUDGE MICHAEL H. WATSON

**KYLE CASTLE**

## REPORT AND RECOMMENDATION

Defendant Kyle Castle previously pleaded not guilty to the *Second Superseding Indictment*, which charges him with conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (Count 1), murder by firearm in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c), (j)(1), 2 (Count 2), interference with commerce by robbery in violation of 18 U.S.C. §§ 1951(a), 2 (Count 3), and murder by firearm in connection with a crime of violence in violation of 18 U.S.C. §§ 924(c), (j)(1), 2 (Count 4). *Second Superseding Indictment*, ECF No. 166. The United States and defendant thereafter entered into an *Amended Plea Agreement*, ECF No. 313,[1] executed pursuant to the provisions of Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to Counts 3 and 4.[2] On June 15, 2022, defendant, assisted by his counsel, participated in a change of plea proceeding.

After being advised of his right to appear personally and with his counsel and after consulting with his counsel, defendant consented to appear by videoconference.

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25

---

[1] The original *Plea Agreement*, ECF No. 229, was amended to include a revised statement of facts that addresses the interstate commerce element.
[2] The *Amended Plea Agreement* contains an appellate waiver provision that preserves only certain claims for appeal or collateral challenge. Although the *Amended Plea Agreement* does not refer to an order of restitution, defendant was advised that his guilty plea may also result in an order of

1

Fed.Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead.  Based on the observations of the undersigned, defendant understands the nature and meaning of the charges against him in the *Second Superseding Indictment* and the consequences of his plea of guilty to Counts 3 and 4.  Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the *Amended Plea Agreement* signed by him, his attorney and the attorney for the United States and filed on June 14, 2022, represents the only promises made by anyone regarding the charges against him in the *Second Superseding Indictment*.  Defendant was advised that the District Judge may accept or reject the *Amended Plea Agreement* and that all sentencing terms will be determined by the District Judge. Defendant was further advised that, even if the District Judge refuses to accept any provision of the *Amended Plea Agreement* not binding on the Court or if the sentence imposed is more severe than the sentence that defendant expected, defendant may nevertheless not withdraw his guilty plea.

---

restitution.

Defendant confirmed the accuracy of the statement of facts supporting the charges, which is attached to the *Amended Plea Agreement*. He confirmed that he is pleading guilty to Counts 3 and 4 of the *Second Superseding Indictment* because he is in fact guilty of those offenses. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Counts 3 and 4 of the *Second Superseding Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Counts 3 and 4 of the *Second Superseding Indictment* be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the

3

decision of the District Court adopting the *Report and Recommendation*. *See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).

| | |
|---|---|
| June 15, 2022<br> Date | *s/  Norah McCann King* <br>Norah McCann King<br>United States Magistrate Judge |