UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

Case No.: 2:20CR-17(5)

JUDGE WATSON

vs.

Kyle Castle,
    Defendant.

**SENTENCING MEMORANDUM**
**REQUEST FOR DOWNWARD DEPARTURE/VARIANCE**

Now comes Kyle Castle, by and through counsel, Isabella Dixon and submits the following Memorandum. Mr. Castle would request any leniency from this court. The guideline calculations prepared by probation are accurate.

**I. Offense Level**

There is no dispute as to the probation officers calculations and application of the advisory guidelines, nor does Defendant dispute Probation's findings concerning his Criminal History.

This memorandum will address the 3553 factors and again respectfully request this Court for leniency.

## Statement of the Facts

The statement of facts presented at the change of plea hearing are, for the most part, accurate. Mr. Castle is extremely remorseful. He knows he made poor decisions.

## FACTORS UNDER SEC. 3553(a)

In determining a sentence, the court must consider the several factors of sec. 3553(a)(1-7) to determine if the sentence is minimally sufficient to satisfy sec. 3553(a)(2)'s purposes of sentencing. The weight to be given to these factors remains within the discretion of the Court - so long as the sentence is reasonable.

(a)(1) **Nature and circumstances of the offense and the history and characteristics of the defendant.**

### Nature and Circumstances of the Offense

There is no doubt that this is a serious offense. Connor Reynolds died in the course of a robbery in which Kyle Castle participated. Although Kyle did not shoot Mr. Reynolds, he acknowledges that he was a part of the robbery. Additionally, he is and has been remorseful for his lack of action after the robbery.

### History and Characteristics of the Defendant

The personal characteristics and background of Kyle Castle are addressed in paragraphs 86 – 96 in the Pre-Sentence Report. Kyle Castle had a troubled childhood. His father was absent from the home. His mother was a drug addict. Both parents have criminal histories and have been incarcerated. Kyle and his siblings lived in extreme poverty and neglect. As early as age 3, Children's Services was involved due to extremely unsanitary living conditions. Both parents, particularly the Mother, have a history of abusing crack cocaine. (Paragraph 88 PSR)

In my conversations with Kyle, he takes full responsibility for his actions. He does not blame or excuse his actions on his mother. However, studies have identified at least ten factors as adverse childhood experiences. (ACE's) I have attached a copy to this Memorandum. The more ACE's a child is subjected to, the greater the likelihood that they will make poor choices and end up in a situation like Kyle. Six out of the ten ACE's apply to Kyle. This means his history of adverse circumstances, over which he had no control, were clearly factors which made it almost impossible for him to make good choices. In addition to the ACE's, Kyle had tragic losses. His grandmother , cousin and niece were killed in a fire that was ruled arson. The perpetrator was never caught.

Kyle does have a criminal history. However, he was working and supporting his children when this happened. Unfortunately, Kyle has never addressed his drug problem. Kyle advised me that he resorted to street drugs because he does not like how the prescribed medication makes him feel. This situation has truly been eye opening. The fact that someones life was lost is not something he takes lightly. Kyle will take advantage of any counseling available to him. He is in need of anger management, drug and grief counseling.

(a)(2)(A) **to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (a)(2)(B) to afford adequate deterrence to criminal conduct;**

If this Court were to impose a lengthy sentence outside the advisory guideline range, the seriousness of the offense will not be denigrated and both Kyle Castle and others would be deterred from repeating his tragic mistakes.

The sentence must not only educate defendants as to the seriousness of the offense, but should make others in the community "aware that similar actions will be punished." *United States v. Coleman,* 370 F. Supp. 2d. 661,681 (S.D. Ohio 2005). To this end, others will be deterred.

(a)(2)(C) **to protect the public from further crimes of the defendant.**

Kyle Castle has demonstrated sincere remorse for his actions. During the period of time I first met with Kyle and on numerous subsequent visits, Kyle has asked me

repeatedly if he could write a letter apologizing to Connor Reynold's family. He wanted to do more than simply apologize in court. Additionally, I would like to point out that Kyle recently turned 32. Also, his mother has overcome her addiction and has been supportive. Kyle also has a woman whom he considers his wife who is also extremely supportive. Kyle would again seek any leniency on behalf of this court.

.

Respectfully submitted,

/s/ Isabella Dixon
Isabella Dixon #0039650
98 Hamilton Park
Columbus, Ohio 43203
614/732-5390
Counsel for Defendant

## CERTIFICATE OF SERVICE

A true copy of the forgoing was served upon all parties via electronic filing this 16th day of  January,  2023.

Respectfully submitted,

/s/ Isabella Dixon
Isabella Dixon #0039650